STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT

                                                      CASE TYPE: WRONGFUL DEATH

---

Donna Cahoon, as Trustee for the next
of kin of Christopher John Cahoon, Decedent,

        Plaintiff,

-vs-                                                  Court File No. _____

L.B. White Company, LLC;
Hurricane Products, Inc.;
Quality Propane of MN; and
Carpentry Contractors Company,

        Defendants.

---

## SUMMONS

---

THIS SUMMONS IS DIRECTED TO L.B. WHITE COMPANY, LLC; HURRICANE PRODUCTS, INC; QUALITY PROPANE OF MN; AND CARPENTRY CONTRACTORS COMPANY:

    1.    **YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

        Patrick L. Cotter
        Sieben & Cotter, P.L.L.C.
        105 Hardman Court, Suite 110
        South Saint Paul, MN 55075
        Phone: (651) 455-1555
        patrick@siebencotterlaw.com

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.



EXHIBIT A

4.     **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.     **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.     **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____     12-21-2018
Patrick L. Cotter                                      Date
Attorney for Plaintiff

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This case may be subject to Alternative Dispute Resolution (ADR) processes under Rule 114 of the General Rules of Practice for the District Courts. The Court Administrator or your attorney can provide you with information about ADR options and a list of neutrals available in your area. ADR does not affect your obligation to respond to the Summons and Complaint within twenty (20) days.

2

Respectfully submitted,

**SIEBEN & COTTER, P.L.L.C.**

Dated: 12-21-2018

Patrick L. Cotter (# 0319120)
Attorneys for Plaintiff
105 Hardman Court, Suite 110
South Saint Paul, MN 55075
Phone: (651) 455-1555
patrick@siebencotterlaw.com

## ACKNOWLEDGMENT

The undersigned hereby certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) this document is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims and other legal contentions in this document are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and (3) the allegations and other factual contentions in this document have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The undersigned further acknowledges that sanctions may be awarded pursuant to Minn. Stat. § 549.211, subd. 2, for submission of documents not in conformity with the above representations.

Dated: 12-21-2018

Patrick L. Cotter

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| | CASE TYPE: WRONGFUL DEATH |

Donna Cahoon, as Trustee for the next
of Kin of Christopher John Cahoon, Decedent,

          Plaintiff,

-vs-                                                    Court File No. _____

L.B. White Company, LLC;
Hurricane Products, Inc.;
Quality Propane of MN; and
Carpentry Contractors Company,

          Defendants.

## COMPLAINT

PLAINTIFF FOR CLAIM FOR RELIEF, STATES AND ALLEGES AS FOLLOWS:

1.    Plaintiff, Donna Cahoon ("Plaintiff"), was appointed to serve as Trustee for the next of kin of Decedent, Christopher John Cahoon ("Decedent"), pursuant to Minn. Stat. §573.02, by an Order of the Dakota County District Court dated February 29, 2016. A copy of that Order is attached as Exhibit A.

2.    That, at all times material hereto, Plaintiff and Decedent are and were residents of the State of Minnesota.

3.    That, Defendant L.B. White Company, LLC ("Defendant L.B. White"), was and is a foreign corporation licensed to do and doing business in the State of Minnesota pursuant to Minn. Stat. §§ 543.19 and 303.13, with its principle place of business located in the City of Onalaska, State of Wisconsin. That, Defendant L.B. White designs, engineers, manufactures, assembles, sells, markets and distributes heating systems for the agricultural, horticultural, industrial, and construction industries, but not limited thereto.

4. That, Defendant Hurricane Products, Inc. ("Defendant Hurricane"), was and is a foreign corporation licensed to do and doing business in the State of Minnesota pursuant to Minn. Stat. §§ 543.19 and 303.13, with its principle place of business located in the City of Valencia, State of California. That, Defendant Hurricane designs, engineers, manufactures, assembles, sells, markets and distributes gas fired cooking and heating products, but not limited thereto.

5. That, Defendant Quality Propane of MN ("Defendant Quality Propane") was and is a domestic corporation licensed to do and doing business in the State of Minnesota pursuant to Minn. Stat. §§ 543.19 and 303.13, with its principle place of business located at 10 S. Wacker Drive, Suite 3325, Chicago, IL 60606. Defendant Quality Propane also operates domestically located at 12650 Zenith Avenue South, in the City of Burnsville, County of Dakota, State of Minnesota. That, Defendant Quality Propane is in the business of providing propane heating equipment and services in the construction industry, but not limited thereto.

6. That, Defendant Carpentry Contractors Company ("Defendant Carpentry Contractors") was and is a domestic corporation licensed to do and doing business in the State of Minnesota pursuant to Minn. Stat. §§ 543.19 and 303.13, with its principle place of business located at 520 3rd Street, #200, in the City of Excelsior, County of Hennepin, State of Minnesota. That, Defendant Carpentry Contractors is in the business of providing carpentry labor to professional residential home builders; but not limited thereto.

7. That, on or about January 21, 2016 in the vicinity of 19343 Impala Avenue, in the City of Lakeville, County of Dakota, State of Minnesota, Decedent was fatally injured as a result of a propane (LP) gas flash fire. That Decedent died as a result of the injuries he sustained in the incident on January 21, 2016.

8. That, the cause of said flash fire was due to a propane (LP) gas leak within Defendant L.B. White's propane heater, L.B. White – Norseman 250, Model 341H ("Propane Heater"), containing a component part, propane gas safety control valve ("Control Valve"), manufactured by Defendant Hurricane.

9. That, at the time of said incident, Decedent was in the course and scope of his employment with Lennar Homes and was acting as a manager of a residential construction site at the time of the incident.

## COUNT I: DEFENDANT L.B. WHITE

That, the allegations contained in paragraphs One through Nine are reasserted and incorporated by reference and, in addition, Plaintiff states and alleges as follows:

10. That, by reason of said permanent and fatal injuries, and as a direct and proximate result of the negligent and defective design and manufacture of the Propane Heater, Plaintiff, the next of kin of Decedent has suffered losses as set out in Minn. Stat. § 573.02 all to Plaintiff's detriment in an undetermined sum at this time.

11. That, upon information and belief, the afore-mentioned Propane Heater was designed, engineered, manufactured, tested, assembled, promoted, distributed, and sold by Defendant L.B. White.

12. That, Defendant L.B. White negligently and carelessly designed, engineered, manufactured, tested, assembled, promoted, distributed, sold and advertised the afore-mentioned Propane Heater and negligently failed to warn of its hazards and defects.

13. That, at the time the afore-mentioned Propane Heater left control of Defendant L.B. White, it was defective in design, manufacture, instruction and warning, causing Defendant L.B. White to be strictly liable to Plaintiff.

14. That, Defendant L.B. White expressly and impliedly warranted that the afore-referenced Propane Heater was fit and safe for all reasonable and expected uses in connection therewith; and did further warrant that the Propane Heater was of good and merchantable quality.

15. That, Defendant L.B. White, did breach the foregoing express and implied warranties, for which Defendant is negligently and strictly liable to Plaintiff.

16. That, as a direct and proximate result of Defendant L.B. White's negligence, breach of the expressed and implied warranties, and strict liability in design,

manufacture, and failure to warn, Plaintiff did sustain the above-referenced injuries and damages.

### COUNT II: DEFENDANT HURRICANE

That, the allegations contained in paragraphs One through Sixteen are reasserted and incorporated by reference and, in addition, Plaintiff states and alleges as follows:

17. That, by reason of said permanent and fatal injuries, and as a direct and proximate result of the negligent and defective design and manufacture of the Control Valve, a component part of the Propane Heater, Plaintiff, the next of kin of Decedent has suffered losses as set out in Minn. Stat. § 573.02 all to Plaintiff's detriment in an undetermined sum at this time.

18. That, the aforementioned Control Valve is a subcomponent part of Defendant L.B. White's Propane Heater.

19. That, upon information and belief, the afore-mentioned Control Valve was designed, engineered, manufactured, tested, assembled, promoted, distributed, and sold by Defendant Hurricane.

20. That, Defendant Hurricane negligently and carelessly designed, engineered, manufactured, tested, assembled, promoted, distributed, sold and advertised the afore-mentioned Control Valve and negligently failed to warn of its hazards and defects.

21. That, at the time the afore-mentioned Control Valve left control of Defendant Hurricane, it was defective in design, manufacture, instruction and warning, causing Defendant Hurricane Products to be strictly liable to Plaintiff.

22. That, Defendant Hurricane expressly and impliedly warranted that the afore-referenced Control Valve was fit and safe for all reasonable and expected uses in connection therewith; and did further warrant that the Control Valve was of good and merchantable quality.

23. That, Defendant Hurricane, did breach the foregoing express and implied warranties, for which Defendant is negligently and strictly liable to Plaintiff.

4

24. That, as a direct and proximate result of Defendant Hurricane's negligence, breach of the expressed and implied warranties, and strict liability in design, manufacture, and failure to warn, Plaintiff did sustain the above-referenced injuries and damages.

## COUNT III: DEFENDANT QUALITY PROPANE

That, the allegations contained in paragraphs One through Twenty-Four are reasserted and incorporated by reference and, in addition, Plaintiff states and alleges as follows:

25. That, prior to the above mentioned incident involving Decedent, Defendant Quality Propane, owned, maintained, serviced, repaired, modified, and inspected the Propane Heater and Regulator utilized by Decedent.

26. That, Defendant Quality Propane negligently and carelessly failed to maintain, service, repair, modify, and inspect the Propane Heater and Regulator utilized by Decedent at the above mentioned time and location.

27. That, Defendant Quality Propane is liable for the negligence and carelessness of its employees, agents, or representatives by and through the Doctrine of Respondeat Superior.

28. That, said incident was the result of negligence and carelessness of Defendant Quality Propane.

29. That, as a direct and proximate result of negligence and carelessness on Defendant Quality Propane and/or its agents, employees, or representatives, Plaintiff, the next of kin of Decedent has suffered losses as set out in Minn. Stat. § 573.02 all to Plaintiff's detriment in an undetermined sum at this time.

## COUNT IV: DEFENDANT CARPENTRY CONTRACTORS

That, the allegations contained in paragraphs One through Twenty-Nine are reasserted and incorporated by reference and, in addition, Plaintiff states and alleges as follows:

30. The Injuries and death of Decedent was caused by the negligence and carelessness of Defendant Carpentry Contractors when Defendant failed to exercise reasonable

5

care and caution upon arrival to the incident site located at 19343 Impala Avenue, in the City of Lakeville, County of Dakota, State of Minnesota, and after discovering and recognizing a known hazardous propane (LP) gas leak.

31. That, Defendant Carpentry Contractors is liable for the negligence and carelessness of its employees, agents, or representatives by and through the Doctrine of Respondeat Superior.

32. That, as a direct and proximate result of negligence and carelessness on Defendant Carpentry Contractors and/or its agents, employees, or representatives, Plaintiff, the next of kin of Decedent has suffered losses as set out in Minn. Stat. § 573.02 all to Plaintiff's detriment in an undetermined sum at this time.

**WHEREFORE**, Plaintiff demands judgment against Defendants herein for a reasonable sum in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, and disbursements herein.

## ACKNOWLEDGMENT

The Plaintiff hereby acknowledges that costs, disbursements and reasonable attorney and witness fees, may be awarded to Defendant pursuant to Minn. Stat. § 549.21, subd. 2.

Respectfully submitted,

**SIEBEN & COTTER, P.L.L.C.**

Dated: 12-21-2018

Patrick L. Cotter (# 0319120)
Attorneys for Plaintiff
105 Hardman Court, Suite 110
South Saint Paul, MN 55075
Phone: (651) 455-1555
patrick@siebencotterlaw.com

6