| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
| | CASE TYPE: WRONGFUL DEATH |

---

Donna Cahoon, as Trustee for the
next of kin of Christopher John Cahoon, Decedent,

                           Plaintiff,

vs.

L.B. White Company, LLC;
Hurricane Products, Inc.;
Quality Propane of MN; and
Carpentry Contractors Company,

                           Defendants.

**COURT FILE:**
**JUDGE:**

**ANSWER TO COMPLAINT OF DEFENDANT CARPENTRY CONTRACTORS COMPANY**

---

     Defendant Carpentry Contractors Company makes the following Answer to the Complaint of the Plaintiff:

I.

     Defendant denies each and every allegation of the Complaint except as hereinafter admitted, qualified or otherwise answered.

II.

     This answering Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 1, 2, 7, 8, and 9 of the Complaint and therefore the same are denied and the Plaintiff is put to her strict proof thereof.

III.

     That the allegations contained in paragraphs 3, 4, and 5 of the Complaint are not directed at

this answering Defendant and therefore do not require a Response.

IV.

That the allegations contained in paragraph 6 of the Complaint are denied and the Plaintiff is put to her strict proof thereof.

V.

That the allegations contained in Count I of the Complaint, inclusive of paragraphs 10, 11, 12, 13, 14, 15, and 16 are not directed at this answering defendant and therefore do not require a response. To the extent any response is required, these same allegations are denied and Plaintiff is put to her strict proof thereof.

VI.

That the allegations contained in Count II of the Complaint, inclusive of those allegations contained in Paragraphs 17, 18, 19, 20, 21, 22, 23, and 24 of the Complaint are not directed at this answering Defendant and therefore do not require a response. To the extent any response is required, these same allegations are denied and Plaintiff is put to her strict proof thereof.

VII.

That the allegations contained in Count III of the Complaint, inclusive of those allegations contained in Paragraphs 25, 26, 27, 28, and 29 of the Complaint are not directed at this answering defendant and therefore do not require a response. To the extent any response is required, the allegations are denied and Plaintiff is put to her strict proof thereof.

VIII.

That the allegations contained in Count IV of the Complaint inclusive of the allegations contained in Paragraphs 30, 31, and 32 are denied in their entirety.

## AFFIRMATIVE DEFENSES

IX.

This Defendant specifically denies acting in any manner that was negligent, careless, or otherwise at fault as alleged in Plaintiff's Complaint or otherwise.

X.

Defendant alleges that all damages and loss complained of by Plaintiff were proximately caused by the fault of the decedent, Christopher John Cahoon, whose fault is imputed to the Plaintiff and which bars recovery or otherwise limits recovery by the extent of the decedent's comparative fault.

XI.

Defendant alleges that all loss and damages complained of by Plaintiff, to the extent not caused by the fault of the decedent, were proximately caused by the fault of third persons over whom this answering defendant exercised no control or right of control and for whose conduct this answering defendant is not responsible or liable.

XII.

That the damages alleged by Plaintiff were due to an unavoidable accident or to acts of God or nature for which this Defendant is not responsible.

XIII.

Defendant is without knowledge or information sufficient to form a belief as to the losses and damages alleged in the Complaint and therefore Defendant denies the same and demands strict proof thereof.

XIV.

The service of process herein is inadequate and insufficient.

XV.

The Complaint fails to state a claim against this answering Defendant upon which relief may be granted.

XVI.

This answering Defendant pleads that Plaintiff's action is barred by the legal doctrine of laches and by the applicable statute of limitations, and or repose.

XVII.

That the claims of the Plaintiff is are barred in whole or in part by the provisions of Minn. Stat. § 604.01, et. seq.

XVIII.

That Plaintiff's claims are barred because any damages allegedly sustained by Plaintiff were not proximately caused by any act or omission of this answering Defendant.

XIX.

That the claims asserted by Plaintiff may be barred by any or all of the affirmative defenses set forth in or contemplated by Rules 8.03 and 12.02 of the Minnesota Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until there has been further discovery. This answering Defendant, therefore, incorporates all such affirmative defenses set forth in or contemplated by Rules 8.03 and 12.02 as though fully stated herein.

## CROSSCLAIM

Defendant Carpentry Contractor Company, as and for its Crossclaim against Defendants L.B. White Company, LLC, Hurricane Products, Inc., and Quality Propane of MN, hereby states and alleges as follows:

XX.

Realleges paragraphs I-XIX of this Defendant's Answer to the Plaintiff's Complaint.

XXI.

States that any losses or damages alleged by Plaintiff were due to and caused by the carelessness, negligence, breach of duty or other fault or wrongful conduct of Defendants L.B. White Company, LLC, Hurricane Products, Inc., and Quality Propane of MN, and in the event Defendant Carpentry Contractors Company is found liable to the Plaintiff, which liability is expressly denied, then this Crossclaiming Defendant is entitled to Judgment by way of indemnity and/or contribution from Defendants L.B. White Company, LLC, Hurricane Products, Inc., and Quality Propane of MN.

    A.    That Plaintiff take nothing by her pretended claim for relief and that the Complaint be dismissed with Prejudice, and that this answering Defendant have Judgment herein together with its costs, disbursements and reasonable attorneys' fees; and

    B.    That in the event this answering Defendant is found liable to Plaintiff, which liability is expressly denied, then this answering Defendant is entitled to Judgment by way of indemnity and/or contribution from  Defendants L.B. White Company, LLC, Hurricane Products, Inc., and Quality Propane of MN.

WHEREFORE, Defendant prays that the Plaintiff take nothing by her pretended claim for relief and that Defendant be given judgment dismissing Plaintiff's Complaint and awarding Defendant its costs and disbursements herein.

Dated: 1/9/19

ERSTAD & RIEMER, P.A.

_____
George C. Hottinger, #124485
Attorneys for Defendant
Carpentry Contractors Company
8009 - 34th Avenue South, Suite 200
Minneapolis, MN 55425
PHONE: (952) 896-3700
Ghottinger@erstad.com

ACKNOWLEDGMENT REQUIRED BY
MINN. STAT. § 549.211

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted; provided that this party or the attorneys for this party may advance a claim or defense that is supported by a good faith argument for an extension, modification or reversal of existing law.

_____
George C. Hottinger

6