STATE OF MINNESOTA                                         DISTRICT COURT

COUNTY OF DAKOTA                                           FIRST JUDICIAL DISTRICT

                                                           CASE TYPE: WRONGFUL DEATH

---

| | |
|---|---|
| Donna Cahoon, as Trustee for the next of kin of Christopher John Cahoon, Decedent,<br><br>    Plaintiff,<br><br>v.<br><br>L.B. White Company, LLC,<br>Hurricane Products, Inc.,<br>Quality Propane of MN, and<br>Carpentry Contractors Company,<br><br>    Defendants. | Court File No. _____<br><br>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT |

NOW COMES the defendant, Quality Propane of MN, by its attorneys, McCoy Leavitt Laskey LLC, by John V. McCoy (*pro hac vice* pending) and Matthew R. Rosek, and as and for an answer to the plaintiff's complaint, states as follows:

1.  Answering paragraph 1, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

2.  Answering paragraph 2, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

3.  Answering paragraph 3, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

4.  Answering paragraph 4, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

5. Answering paragraph 5, Quality Propane of MN is an assumed name and is licensed to operate in Minnesota. EDPO, LLC is the appropriate entity that should have been named with its principal place of business at 10 S. Wacker Drive, Suite 3325, Chicago, WIL 60606. Quality Propane denies all remaining allegations contained in this paragraph.

6. Answering paragraph 6, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

7. Answering paragraph 7, this answering defendant admits only that the incident occurred on January 21, 2016. As to the remainder of the allegations contained in paragraph 7, denies and put the plaintiff to her proof therein.

8. Answering paragraph 8, this answering defendant asserts that the allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, this defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

9. Answering paragraph 9, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

## COUNT I: DEFENDANT L.B. WHITE

This answering defendant realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs 1-9 of this answer.

10. Answering paragraph 10, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

11. Answering paragraph 11, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

12. Answering paragraph 12, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

13. Answering paragraph 13, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

14. Answering paragraph 14, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

15. Answering paragraph 15, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

16. Answering paragraph 16, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

## **COUNT II: DEFENDANT HURRICANE**

This answering defendant realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs 1-16 of this answer.

17. Answering paragraph 17, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

18. Answering paragraph 18, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

19. Answering paragraph 19, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

20. Answering paragraph 20, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

21. Answering paragraph 21, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

22. Answering paragraph 22, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

23. Answering paragraph 23, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

24. Answering paragraph 24, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

## COUNT III: DEFENDANT QUALITY PROPANE

This answering defendant realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs 1-24 of this answer.

25. Answering paragraph 25, this answering defendant admits that Quality Propane of MN owned the heaters. As to the remainder of the allegations contained in paragraph 25, denies and put the plaintiff to her proof therein.

26. Answering paragraph 26, this answering defendant denies.

27. Answering paragraph 27, this answering defendant asserts that the allegations in this paragraph constitute legal conclusions to which no response is necessary. To the extent a response is required, this defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same.

28. Answering paragraph 28, this answering defendant denies.

29. Answering paragraph 29, this answering defendant denies.

## COUNT IV: DEFENDANT CARPENTRY CONTRACTORS

This answering defendant realleges and incorporates herein by reference as if fully set forth the admissions, denials and allegations contained within the preceding paragraphs 1-29 of this answer.

30. Answering paragraph 30, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

31. Answering paragraph 31, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

32. Answering paragraph 32, this answering defendant lacks knowledge or information sufficient to admit or deny the allegations contained therein and, therefore, denies.

## AFFIRMATIVE DEFENSES

As and for further answer and affirmative defenses, this answering defendant alleges as follows:

1. Alleges on information and belief that the plaintiff's injuries and damages were caused in whole or in part through the fault of individuals or entities not parties to this action.

2. Alleges on information and belief that the plaintiff failed to mitigate her damages.

3. Alleges on information and belief that plaintiff may have failed to join certain third parties indispensable to this action.

4. Alleges on information and belief that plaintiff may have failed to take certain reasonable and practical steps to mitigate any damages that may have been sustained as a result of the events referred to in the complaint.

5. Alleges on information and belief that any injuries or damages allegedly sustained by plaintiff were proximately caused by intervening and/or superseding cause or causes over which this answering defendant neither controls nor had the right to control.

6. Alleges that the complaint fails to state a claim upon which relief may be granted against this answering defendant.

7. Alleges on information and belief that plaintiff's claims may be barred, in whole or in part, by the applicable statute or statutes of limitations or, in the alternative, by application of the

doctrine of laches, waiver, estoppel, unclean hands, unjust enrichment, quantum meruit, release, and/or assumption of risk.

8. Alleges on information and belief that plaintiff's claims may be barred, in whole or in part, on the grounds of public policy.

9. Alleges on information and belief that any injuries or damages allegedly sustained by plaintiff may have been caused by plaintiff's or others' misuse of the product in question.

10. Alleges on information and belief that plaintiff's claims are barred, in whole or in part, because plaintiff and/or others may have failed to follow the instructions, directions, warnings and/or custom and usage recognized in the industry as pertaining to the product in question.

11. Alleges on information and belief that the product in question is not defective due to lack of warning or instruction in that any risks incidental to the use of said product were open and obvious and/or were risks that are matters of common knowledge.

12. Alleges on information and belief that to the extent that any items relevant to the claims at issue were not properly preserved, defendant is entitled to an adverse inference instruction or other appropriate relief.

13. Defendant specifically denies acting in any manner that was negligent, careless, or otherwise at fault as alleged in plaintiff's complaint or otherwise.

14. Defendant alleges that all damages and loss complained of by plaintiff were proximately caused by the fault of the decedent, Christopher John Cahoon, whose fault is imputed to the plaintiff and which bars recovery or otherwise limits recovery by the extent of the decedent's comparative fault.

15. Defendant alleges that all loss and damages complained of by plaintiff, to the extent not caused by the fault of the decedent, were proximately caused by the fault of third persons over

whom this answering defendant exercised no control or right of control and for whose conduct this answering defendant is not responsible or liable.

16. The service of process herein is inadequate and insufficient.

17. The claims of the plaintiff are barred in whole and/or in part by the provision of Minn. Stat. § 604.01, et seq.

18. Plaintiff's claims are barred because any damages alleged sustained by plaintiff were not proximately caused by any act or omission of this answering defendant.

19. The claims asserted by plaintiff may be barred by any or all of the affirmative defenses set forth in or contemplated by Rules 8.03 and 12.02 of the Minnesota Rules of Civil Procedure. The extent to which plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until there has been further discovery. This answering defendant, therefore, incorporates all such affirmative defenses set forth in or contemplated by Rules 8.03 and 12.02 as though fully stated herein.

20. For further answer and affirmative defense, defendant states that in the event that this defendant (or any later added defendants) is found liable to plaintiff, which this defendant denies, then this defendant requests an apportionment of fault consistent with Minnesota's modified comparative negligence statute.

21. For further answer and affirmative defense, defendant states that in the event that this defendant is found liable to plaintiff, which defendant denies, then defendant is entitled to have the negligence and fault of those third parties over whom this defendant had no right or duty to control which caused or contributed to cause plaintiff's injuries and damages considered by the jury, and the liability of this defendant, if any, reduced proportionately.

22. For further answer and affirmative defense, and pleading in the alternative, defendant states that plaintiff's claims may be barred to the extent that any product at issue in this lawsuit was altered or modified after leaving the possession of this defendant.

23. Defendant reserves the right to assert additional affirmative defenses as may become known through the course of discovery.

24. Defendant hereby incorporates by reference all affirmative defenses raised by other defendants who are or may later become parties to this action.

## CROSS CLAIMS FOR CONTRIBUTION AND/OR INDEMNIFICATION

1. This answering defendant incorporates herein by reference all of the answers, responses, and averments to paragraphs 1-32 of the complaint herein.

2. Defendant Quality Propane of MN states that any losses or damages alleged by plaintiff were due to and caused by the carelessness, negligence, breach of duty or other fault or wrongful conduct of defendants L.B. White Company, LLC, Hurricane Products, Inc., and Carpentry Contractor Company, and in the event defendant Quality Propane of MN is found liable to the plaintiff, which liability is expressly denied, then this crossclaiming defendant is entitled to judgment by way of indemnity and/or contribution from defendants L.B. White Company, LLC, Hurricane Products, Inc., and Carpentry Contractor Company.

A. That plaintiff takes nothing by her pretended claim for relief and that the complaint be dismissed with prejudice, and that this answering defendant have judgment herein, together with its costs, disbursements and reasonable attorney's fees; and

B. That in the event this answering defendant is found liable to plaintiff, which liability is expressly denied, then this answering defendant is entitled to judgment by way of indemnity and/or contribution from defendants L.B. White Company, LLC, Hurricane Products, Inc., and Carpentry Contractor Company.

8

**WHEREFORE,** this answering defendant demands judgment as follows:

A.  Dismissing the complaint of the plaintiff on the merits, together with its taxable costs and disbursements herein; and

B.  For such other and further relief as the Court might deem just and equitable.

**DEFENDANT HEREBY REQUESTS A JURY OF 12 PERSONS.**

Dated: January 21, 2019

**McCOY LEAVITT LASKEY LLC**
Attorneys for Defendant, Quality Propane of MN

By: _____
John V. McCoy          *PHV* pending
Matthew R. Rosek       MN #0393060
Riverwood Corporate Center III
N19W24200 Riverwood Drive, Ste. 125
Waukesha, WI 53188
Telephone (262) 522-7000
Facsimile (262) 522-7020
jmccoy@MLLlaw.com
mrosek@MLLlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this document was served on the 21st day of January, 2019, upon all parties in the above cause by serving the attorneys of record at their respective addresses disclosed on the pleadings. Service was made by:

☐ U.S. Mail    ☐ Hand-Delivery    ☒ Email    ☐ Facsimile    ☐ Other – EDMS

**Attorney for Plaintiff**
Patrick L. Cotter, Esq.
Sieben & Cotter, PLLC
105 Hardman Court, Suite 110
South St. Paul, MN 55075
patrick@siebencotterlaw.com

**Attorney for Hurricane Products, Inc.**
Mark Solheim, Esq.
Larson King LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
msolheim@larsonking.com

**Attorney for L.B. White Co.**
John S. Beckmann, Esq.
Hoversten, Johnson, Beckmann & Hovey, LLP
807 W. Oakland Avenue
Austin, MN 55912
jbeckmann@hoverstenlaw.com

**Attorney for Carpentry Contractors Company**
George C. Hottinger, Esq.
Erstad & Riemer, P.A.
8009 34th Avenue South, Suite 200
Minneapolis, MN 55425
ghottinger@erstad.com

_/s/ Lori J. Brown_
Lori J. Brown, Legal Assistant
McCoy Leavitt Laskey LLC
N19W24200 Riverwood Drive, Ste. 125
Waukesha, WI 53188