UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Donna Cahoon, | Case No. 19-cv-0155 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND, GRANTING MOTION TO STRIKE, AND DENYING MOTIONS TO DISMISS** |
| L.B. White Company, Inc.; Hurricane Products, Inc.; Quality Propane of MN; and Carpentry Contractors Company, | |
| Defendants. | |

---

In this wrongful-death action, Plaintiff Donna Cahoon moves to remand this case to Dakota County District Court, First Judicial District, for lack of subject-matter jurisdiction. (Dkt. 32.) Defendant Carpentry Contractors Company opposes Cahoon's motion to remand and moves to dismiss Cahoon's claim against it. (Dkt. 36.) Defendant Quality Propane of MN moves to strike Cahoon's second amended complaint and to dismiss Cahoon's claim against it. (Dkts. 45, 46.) For the reasons addressed below, the motion to remand is denied, the motion to strike is granted, and the motions to dismiss are denied.

## BACKGROUND

Christopher John Cahoon (Decedent) sustained fatal injuries as a result of a propane gas flash fire in Lakeville, Minnesota, on or about January 21, 2016. The purported cause of the flash fire was a gas leak in a propane heater. The flash fire allegedly occurred during the course and scope of Decedent's employment as a manager of a residential construction site. Donna Cahoon was appointed to serve as trustee for Decedent's next of kin in

February 2016. At all times relevant to this case, Decedent and Cahoon are or were Minnesota residents.

Cahoon commenced this wrongful-death action in Dakota County District Court, First Judicial District, on December 21, 2018, against Defendants L.B. White Company, Inc.[1] (L.B. White); Hurricane Products, Inc. (Hurricane); Quality Propane of MN (Quality Propane); and Carpentry Contractors Company (Carpentry). Cahoon subsequently filed an amended complaint dated January 9, 2019. The amended complaint alleges four counts under Minnesota's wrongful-death statute, Minn. Stat. § 573.02. Count I alleges that L.B. White negligently designed, manufactured, and sold the propane heater that caused Decedent's injuries and death and failed to warn of the propane heater's hazards and defects. Count II alleges that Hurricane, in turn, negligently designed, manufactured, and sold a component part of the propane heater. Count III alleges that Quality Propane negligently failed to maintain, service, repair, modify, and inspect the propane heater. And Count IV alleges that Carpentry negligently "failed to exercise reasonable care and caution upon arrival to the [flash fire] incident site . . . after discovering and recognizing a known hazardous propane (LP) gas leak."

On January 22, 2019, Carpentry removed the case to this Court based on diversity jurisdiction. Cahoon filed a second amended complaint on February 1, 2019. Cahoon now moves to remand the case to Dakota County District Court, First Judicial District, for lack of subject-matter jurisdiction, arguing that Carpentry has not established complete

---

[1] Although the original complaint identified this defendant as "L.B. White Company, LLC," the first amended complaint identifies this defendant as "L.B. White Company, Inc."

diversity of the parties because both Cahoon and Carpentry are citizens of Minnesota. Carpentry opposes Cahoon's motion to remand and moves to dismiss Cahoon's claim against it. And Quality Propane moves to strike Cahoon's second amended complaint and to dismiss Cahoon's claim against it.

## ANALYSIS

### I.     Motion to Remand

Cahoon argues that this case must be remanded to Dakota County District Court, First Judicial District, because this Court lacks subject-matter jurisdiction. According to Cahoon, Carpentry is a citizen of Minnesota and, therefore, diversity does not exist between Cahoon and Carpentry. Carpentry counters that, because "Carpentry Contractors Company" is an "assumed name" that is not a legal entity subject to suit, Carpentry is not a citizen of Minnesota and this Court has diversity jurisdiction over this case.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Removal to federal court is appropriate only when the federal court would have original jurisdiction over the litigation. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). It is the removing party's burden to establish by a preponderance of the evidence that federal jurisdiction exists. *Pub. Sch. Ret. Sys. of Mo. v. State Street Bank &*

*Tr. Co.*, 640 F.3d 821, 825-26 (8th Cir. 2011); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). When assessing the existence of diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

Cahoon argues that complete diversity does not exist here because both she and Carpentry are citizens of Minnesota. Carpentry contends that, because it is an "assumed name" that is not a legal entity subject to suit, it does *not* have Minnesota citizenship and its presence in this lawsuit is immaterial to the existence of diversity jurisdiction.

As relevant here, a defendant's capacity to be sued is determined based on "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Minnesota law, a person or entity is prohibited from conducting business under an assumed name unless the person or entity files "a certificate setting forth the name and business address under which the business is conducted or transacted." Minn. Stat. § 333.01; *accord Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 404 (Minn. Ct. App. 2008). An assumed name "is not itself a legal entity;" rather, an assumed name is "a label—a marketing tool." *DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1104 (D. Minn. 2010) (citing Minn. Stat. § 333.01); *accord D.W. v. Radisson Plaza Hotel Rochester*, 958 F. Supp. 1368, 1382 (D. Minn. 1997) (dismissing "assumed name" defendant because an assumed name is not a legal entity subject to suit).

In her amended complaint, Cahoon alleges that Carpenter "is a domestic corporation licensed to do and doing business in the State of Minnesota." But Carpenter denies that it

4

is a corporation licensed to do business in Minnesota and presents evidence that it is registered with the Minnesota Secretary of State as an "assumed name" under which BEP/Lyman LLC (BEP/Lyman) does business in Minnesota.[2] Cahoon presents no evidence to the contrary. Because an "assumed name" such as Carpentry is not a legal entity subject to suit under Minnesota law, complete diversity is not defeated by virtue of Cahoon naming Carpentry as a defendant in this lawsuit.

For these reasons, Carpentry has established by a preponderance of the evidence that diversity jurisdiction exists in this case. Cahoon's motion to remand is denied.

## II. Motion to Strike

Quality Propane moves to strike Cahoon's second amended complaint because Cahoon did not first obtain leave of the Court. A plaintiff may amend a complaint once as a matter of course within 21 days after serving it or within 21 days after service by the defendant of either a responsive pleading or a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 15(a)(1); *accord* Minn. R. Civ. P. 15.01. Otherwise, the plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *accord* Minn. R. Civ. P. 15.01. Cahoon amended her complaint once as a matter of course on January 9, 2019. She filed a second amended complaint on February

---

[2] Although the record is unclear as to the exact citizenship of BEP/Lyman, the parties have not presented evidence or argument to suggest that BEP/Lyman is a citizen of Minnesota.

1, 2019, without obtaining either the Defendants' written consent or this Court's leave to do so. Cahoon's February 1, 2019 second amended complaint is procedurally improper.[3]

Quality Propane's motion to strike is granted and Cahoon's February 1, 2019 second amended complaint is stricken. Consequently, Cahoon's January 9, 2019 first amended complaint is the operative complaint.

**III.	Motions to Dismiss**

Carpentry and Quality Propane each move to dismiss the claims asserted against them—Count IV and Count III of the first amended complaint, respectively. A complaint must allege facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(6).

Carpentry and Quality Propane each move to dismiss Cahoon's claims against them because both "Carpentry Contractor Company" and "Quality Propane" are "assumed names" that are not legal entities subject to suit. Therefore, relief cannot be granted as to them. As addressed above, under Minnesota law, an assumed name is not a legal entity

---

[3]    Cahoon's brief asserts that the Court should permit her to amend her complaint. "Leave to amend shall be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), but the plaintiff must follow proper procedures." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014) (concluding that a complaint cannot be amended through a brief but instead must be amended through the proper procedural rules). Cahoon has not formally moved for leave to amend her complaint, nor has she followed the proper procedures for doing so.

6

but is instead "a label—a marketing tool." *DeVary*, 701 F. Supp. 2d at 1104 (citing Minn. Stat. § 333.01); *accord Radisson Plaza Hotel*, 958 F. Supp. at 1382. "A court should dismiss a party that is not a legal entity." *Radisson Plaza Hotel*, 958 F. Supp. 2d at 1382 (dismissing "assumed name" defendant because an assumed name is not a legal entity subject to suit). Carpentry has presented uncontroverted evidence that it is an "assumed name" under which BEP/Lyman does business in Minnesota. And Cahoon concedes in her briefing that Quality Propane is an "assumed name" under which EDPO, LLC (EDPO), does business in Minnesota. Because assumed names lack the capacity to be sued, Cahoon cannot maintain claims asserted directly against either Carpentry or Quality Propane.

Under Minnesota law, however, "[i]f service of [a] summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer." *Nelson v. Glenwood Hills Hosps., Inc.*, 62 N.W.2d 73, 78 (Minn. 1953); *accord Hovelson v. U.S. Swim & Fitness, Inc.*, 450 N.W.2d 137, 141 (Minn. Ct. App. 1990) ("As long as a defendant is not misled by a misnomer and the correct defendant is served, a misnomer has no effect on acquiring jurisdiction over the entity." (citing *Nelson*, 62 N.W.2d at 78)). In *Hovelson*, for example, the Minnesota Court of Appeals affirmed a default judgment against the intended defendant, an Ohio corporation, because the plaintiff had properly served that defendant and the defendant was not misled by the fact that the complaint used the "assumed name" under which the defendant conducted business in Minnesota. 450 N.W.2d at 141-44. Relying on *Nelson* and *Hovelson*, Cahoon asserts that the misnomers in her complaint—namely, her mistake in

7

naming Carpentry and Quality Propane as defendants instead of the intended defendants, BEP/Lyman and EDPO—do not prevent this Court from acquiring jurisdiction over the intended defendants. [4]

Cahoon served the summons and complaint on Scott Richter, who Carpentry concedes is a BEP/Lyman executive officer. Carpentry maintains that Richter was not authorized to accept service on behalf of BEP/Lyman because he is not BEP/Lyman's "registered agent." But a corporate entity may be served "by delivering a copy [of the summons] to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service." Minn. R. Civ. P. 4.03(c); *accord* Fed. R. Civ. P. 4(h)(1)(B) (providing that a corporate entity may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Although Minnesota law *permits* a limited liability company to be served via a registered agent, *see* Minn. Stat. § 322C.0116, subd. 1, this provision of law expressly "does not affect the right to serve process, notice, or demand in any other manner provided by law," Minn. Stat. § 322C.0116, subd. 4. Carpentry's argument that *only* BEP/Lyman's "registered agent" is authorized to accept service of process is contrary to law. Service of process also may be accomplished by delivering the summons and complaint to a managing agent or

---

[4] Carpentry argues that *Nelson* and *Hovelson* are inapplicable here because Cahoon's complaint contains a "mistake" rather than a "misnomer." But Carpentry fails to demonstrate that there is a material distinction between a "mistake" and a "misnomer" in this context. *See, e.g.*, Black's Law Dictionary 1151 (10th ed. 2014) (defining "misnomer" as a "mistake in naming a person, place, or thing, esp. in a legal instrument"). And Carpentry's attempts to distinguish *Nelson* and *Hovelson* on this basis are unavailing.

officer. The record reflects that Cahoon properly served the summons and complaint on BEP/Lyman and that BEP/Lyman was not misled by the fact that the complaint incorrectly used the assumed name under which BEP/Lyman conducts business in Minnesota.[5] Accordingly, this Court has acquired jurisdiction over BEP/Lyman, even though an amendment of the complaint is necessary to correct the misnomer. *See Nelson*, 62 N.W.2d at 78; *accord Hovelson*, 450 N.W.2d at 141.

With respect to Quality Propane, the record reflects that Cahoon served the summons and complaint on Quality Propane's nameholder, EDPO, at its principle place of business in Chicago, Illinois. Quality Propane neither disputes this evidence nor argues that EDPO was misled by the complaint's erroneous use of the assumed name under which EDPO does business in Minnesota. As in *Nelson* and *Hovelson*, Cahoon properly served the summons and complaint on the intended defendant (EDPO), the complaint mistakenly identified an "alias" of EDPO, and EDPO was not misled by this misnomer. *See Nelson*, 62 N.W.2d at 78; *Hovelson*, 450 N.W.2d at 144. For these reasons, the Court also has acquired jurisdiction over EDPO.

In summary, although Cahoon must seek leave to amend her complaint to correct the misnomers, dismissal of Cahoon's claims against Carpentry (*i.e.*, BEP/Lyman) and

---

[5] Given that Carpentry expressly and vigorously argues that its own nameholder, BEP/Lyman, is the proper defendant in this case, and the summons and complaint were served on a BEP/Lyman executive officer, there can be little question that BEP/Lyman was not misled by the misnomer in the complaint.

Quality Propane (*i.e.*, EDPO), is not warranted.[6] The motions to dismiss filed by Carpentry and Quality Propane are denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Donna Cahoon's motion to remand, (Dkt. 32), is **DENIED**.

2. Defendant Quality Propane of MN's motion to strike, (Dkt. 46), is **GRANTED**, and Plaintiff Donna Cahoon's second amended complaint, (Dkt. 19), is **STRICKEN**.

3. Defendant Carpentry Contractors Company's motion to dismiss, (Dkt. 36), is **DENIED**.

4. Defendant Quality Propane of MN's motion to dismiss, (Dkt. 45), is **DENIED**.

Dated: August 7, 2019            s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge

---

[6] Quality Propane argues that, because Cahoon did not correctly name EDPO as a defendant within three years after her claim arose, the applicable statute of limitations bars her from amending her complaint to add EDPO. This argument is unavailing. An amended complaint that adds a new defendant relates back to the original complaint in certain circumstances. Such circumstances include instances when the amended complaint asserts a claim that arose out of the conduct set out in the original complaint or when (1) the added defendant received notice of the action within 90 days after the original complaint was filed, (2) that defendant will not be prejudiced by defending the action on the merits, and (3) that defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1), 4(m). These circumstances exist here.