# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Donna Cahoon, as Trustee for the next of kin of Christopher John Cahoon, Decedent,<br><br>Plaintiff,<br><br>v.<br><br>L.B. White Company, Inc., Ken Larson, Inc. dba Hurricane Products, Inc., Quality Propane of MN, and Carpentry Contractors Company,<br><br>Defendants. | Case No. 19-cv-155 WMW/ECW<br><br>**ORDER** |

This matter is before the Court on Plaintiff Donna Cahoon's ("Cahoon") Motion for Leave to File Amended Complaint to Correct Misnomers (Dkt. 82) and Defendant Carpentry Contractors Company's ("Carpentry") Motion to Stay Proceedings Pending Appeal (Dkt. 93). The Court held a hearing on September 13, 2019, at which the Court denied the Motion to Stay from the bench for the reasons stated on the record. (Dkt. 104.) For the reasons stated below, the Court grants Plaintiff's Motion for Leave to File Amended Complaint to Correct Misnomers ("Motion to Amend").

## I.    FACTUAL AND PROCEDURAL HISTORY

On or about January 21, 2016, Christopher Cahoon ("Decedent") was fatally injured by a propane gas flash fire in Lakeville, Minnesota. (Dkt. 1, Compl. at 2.) The incident took place at a residential construction site during Decedent's course of

employment. (*Id.*) On December 21, 2018, Cahoon, serving as trustee for Decedent's next of kin, filed a wrongful-death action in Dakota County District Court, First Judicial District, against four Defendants including L.B. White Company, Inc. ("L.B. White")[1], Hurricane Products, Inc. ("Hurricane"), Quality Propane of MN ("Quality Propane"), and Carpentry. (*Id.* at 3-6.)

On January 9, 2019, Cahoon filed an amended complaint that alleges four counts under Minnesota's wrongful-death statute, Minn. Stat. § 573.02. (*Id.* at 3.) Count I alleges that L.B. White "negligently and carelessly designed, engineered, manufactured, assembled, promoted, distributed, sold and advertised" the propane heater that caused Decedent's death and "failed to warn of its hazards and defects." (*Id.* at 3.) Count II alleges that Hurricane "negligently and carelessly designed, engineered, manufactured, tested, assembled, promoted, distributed, sold and advertised" a control valve from the propane heater that caused Decedent's death and "failed to warn of its hazards and defects." (*Id.* at 4.) Count III alleges that Quality Propane "negligently and carelessly failed to maintain, service, repair, modify, and inspect the Propane Heater and Regulator utilized by Decedent" at the site of the incident. (*Id.* at 5.) Count IV alleges that Carpentry's "negligence and carelessness" caused Decedent's injuries and death when Carpentry "failed to exercise reasonable care and caution upon arrival to the incident." (*Id.* at 5-6.)

---

[1] The original complaint identified this defendant as "L.B. White Company, **LLC**," but the first amended complaint, filed January 9, 2019, changed that defendant's name to "L.B. White Company, **Inc**." (emphases added).

2

On January 22, 2019, Carpentry removed the case to this Court based on diversity jurisdiction. (Dkt. 1, Notice of Removal at 1-3.) On February 1, 2019, Cahoon filed a second amended complaint without leave of court naming EDPO, LLC ("EDPO") dba Quality Propane of MN as a defendant. (Dkt. 19.)

On February 6, 2019, Cahoon moved to remand the case to Dakota County District Court, First Judicial District, for lack of subject matter jurisdiction. (Dkt. 32.) Carpentry moved to dismiss the claims against it on February 7, 2019. (Dkt. 36.) On February 14, 2019, Quality Propane moved to strike Cahoon's second amended complaint and to dismiss the claims against it. (Dkt. 46.) District Judge Wilhelmina M. Wright heard oral arguments on these motions on May 28, 2019. (Dkt. 77.)

On August 7, 2019, District Judge Wright issued an Order denying Cahoon's motion to remand, granting Quality Propane's motion to strike Cahoon's second amended complaint, and denying both Quality Propane and Carpentry's motions to dismiss the claims against them. (Dkt. 78 at 10.)

With respect to Cahoon's motion to remand, District Judge Wright found that "[b]ecause an 'assumed name' such as Carpentry is not a legal entity subject to suit under Minnesota law, complete diversity is not defeated by virtue of Cahoon naming Carpentry as a defendant." (*Id.* at 5.) Additionally, "Carpentry has established by a preponderance of the evidence that diversity jurisdiction exists in this case." (*Id.*)

With respect to Quality Propane's motion to strike, District Judge Wright found that Cahoon failed to obtain either the Defendants' written consent or the Court's leave to file her second amended complaint as required by Federal Rule of Civil Procedure

3

15(a)(2). (*Id.* at 5-6 (noting ruling was in accord with Minnesota Rule of Civil Procedure 15.01).) Thus, she granted the motion to strike, rendering Cahoon's first amended complaint the operative complaint in this case. (*Id.* at 6.)

District Judge Wright also denied Quality Propane and Carpentry's motions to dismiss. (*Id.* at 10.) Quality Propane and Carpentry argued that because Quality Propane and Carpentry are "assumed names" under which EDPO and BEP/Lyman LLC ("BEP/Lyman") do business in Minnesota, they are not legal entities and thus, not subject to suit. (*Id.* at 6-9.) Relying on *Hovelson v. U.S. Swim & Fitness, Inc.*, 450 N.W.2d 137 (Minn. Ct. App. 1990), and *Nelson v. Glenwood Hills Hosps., Inc.*, 62 N.W.2d 73 (Minn. 1953), Cahoon argued that the Court nevertheless acquired jurisdiction over Quality Propane and Carpentry because Cahoon 1) properly served the summons and complaint on the intended defendants, and 2) the intended defendants were not misled by Cahoon's misnomers. (*Id.* at 7-8.) District Judge Wright concluded that "although Cahoon must seek leave to amend her complaint to correct the misnomers, dismissal of Cahoon's claims against Carpentry (*i.e.*, BEP/Lyman) and Quality Propane (*i.e.*, EDPO), is not warranted." (*Id.* at 9-10.) In a footnote, District Judge Wright rejected Quality Propane's argument that because Cahoon did not correctly name EDPO as a defendant within three years after her claim arose, her claim against EDPO was barred by the statute of limitations. (Dkt. 78 at 10 n.6.) Specifically, District Judge Wright stated:

> An amended complaint that adds a new defendant relates back to the original complaint in certain circumstances. Such circumstances include instances when the amended complaint asserts a claim that arose out of the conduct set out in the original complaint or when (1) the added defendant received notice of the action within 90 days after the original complaint was filed, (2) that

4

defendant will not be prejudiced by defending the action on the merits, and (3) that defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1), 4(m). **These circumstances exist here.**

(*Id.* (emphasis added).)

On August 20, 2019, Cahoon filed his Motion to Amend. (Dkt. 82.) On August 21, Carpentry filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit appealing the denial of its Motion to Dismiss. (Dkt. 86.) On August 28, 2019, Quality Propane and Carpentry filed their oppositions to Cahoon's Motion to Amend. (Dkts. 90, 91.)

On August 30, 2019, Carpentry filed a Motion to Stay Proceedings Pending Appeal of this Court's August 7, 2019 Order denying Carpentry's Motion to Dismiss ("Motion to Stay"). (Dkt. 93.) Defendants Hurricane, L.B. White, and Quality Propane took no position on Carpentry's Motion to Stay. (Dkts. 100, 102, 103.) Cahoon opposed Carpentry's Motion to Stay on the grounds that Carpentry's appeal was premature and without merit. (Dkt. 101.)

On September 13, 2019, this Court heard oral arguments on both Motions. (Dkt. 104.) During the hearing, Carpentry advised the Court that after Cahoon filed a motion to dismiss the appeal, the Eighth Circuit suspended proceedings in the appeal. (Sept. 13, 2019, Mot. Hearing Rec. 2:22:18-2:22:44.) At the conclusion of the hearing, the Court denied Carpentry's Motion to Stay from the bench and took Cahoon's Motion to Amend under advisement. (Dkt. 104.) One week later, on September 20, 2019, the Eighth

Circuit dismissed Carpentry's appeal for lack of jurisdiction. (Dkt. 106.) Consequently, the Court addresses only the Motion to Amend below.

## II. LEGAL STANDARD[2]

Rule 15 provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)). "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (cleaned up).

Federal Rule of Civil Procedure 15(c)(1) sets forth the standard for when an amendment to a pleading relates back to the date of the original pleading:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations

---

[2] No party addressed the timing of Cahoon's Motion to Amend. In view of the fact that Cahoon filed her Second Amended Complaint on February 1, 2019, before the June 28, 2019 deadline to amend (*see* Dkts. 19, 74 at 5), and that the Order striking the Second Amended Complaint issued on August 7, 2019 (Dkt. 78), the Court finds good cause to amend the Pretrial Scheduling Order to permit Cahoon to file her Second Amended Complaint. *See* Fed. R. Civ. P. 16(b)(4).

allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, **but for a mistake concerning the proper party's identity**.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

### III. DISCUSSION

Cahoon argues that the Court should grant leave to amend and that her second amended complaint relates back to the date of the original complaint because it is limited to correcting misnomers regarding certain Defendants' names. (Dkt. 84 at 3.) In support of her motion, Cahoon contends that 1) the amendment does not change any of the substantive causes of action or supporting facts; 2) there is no undue delay or bad faith motive; 3) there is no undue prejudice to the original Defendants by correcting the misnomers; and 4) there will be no futility resulting from the amended complaint. (*Id.* at 3-4.)

Defendants Quality Propane and Carpentry both oppose the proposed amendment on the grounds that it does not correct a "mistake" as to their identities within the

7

meaning of Rule 15(c)(1)(C) that would permit relation back, but instead adds EDPO and BEP/Lyman as new parties against whom the statute of limitations has run.[3] (Dkt. 90 at 6, Dkt. 91 at 3.) Although it is not entirely clear, Quality Propane and Carpentry appear to be arguing that the Court should deny leave to amend because the amendment would be futile as time-barred if the claims against EDPO and BEP/Lyman do not relate back to the date of the original complaint.[4]

The Court notes that the question of whether Cahoon's proposed amendment meets the requirements of Rule 15(c)(1) already appears to have been presented to and decided by District Judge Wright. As described in Section I, District Judge Wright considered all the relevant factors under Rule 15(c)(1) with respect to Quality Propane and EDPO and determined that the requirements for relation back set forth in that Rule are met. (Dkt. 78 at 10 n.6.) This Court is not in a position to disturb District Judge Wright's finding that the naming of Quality Propane rather than EDPO was a mistake, nor, for the reasons stated below, would it be inclined to do so. If Quality Propane

---

[3]     Quality Propane cites Rule 15(c)(3) in its brief. (*See, e.g.*, Dkt. 90 at 5, 7.) Rule 15(c)(3) has been renumbered as 15(c)(1). *See* Fed. R. Civ. P. 15 advisory committee's note to 2007 amendment.

[4]     Quality Propane asserts that Cahoon also has failed to show that EDPO "received such notice of the action that it will not be prejudiced in defending on the merits." (Dkt. 90 at 3.) District Judge Wright already found this requirement was met (Dkt. 78 at 10 n.6), and also found that the Complaint was served on EDPO and BEP/Lyman and that they were not misled by the fact that the Complaint used the assumed names (*id.* at 8-9). Quality Propane and Carpentry have not identified any evidence showing they did not receive notice of the action or are prejudiced by the misnomer (nor did they make any argument on this point).

8

believed District Judge Wright's finding on this point was in error, it should have sought reconsideration of that portion of her Order. *See* D. Minn. L.R. 7.1(j).

Quality Propane and Carpentry argue that, notwithstanding District Judge Wright's decision, this Court should deny the motion to amend because the procedural posture of the case has changed and different legal standards apply. (Dkt. 90 at 1.) In particular, relying on *Sandoval v. Am. Bldg Maint. Indus., Inc.*, No. 06 CV 1772 (RHK/JSM), 2007 WL 9719137 (D. Minn. Apr. 19, 2007), Quality Propane and Carpentry argue that Cahoon knew or should have known EDPO and BEP/Lyman were the proper parties because documents showing that Quality Propane of Minnesota and Carpentry Contractors Company were assumed names were on file with the Minnesota Secretary of State. (Dkt. 90 at 6, Dkt. 91 at 5; *see also* Dkts. 89, Ex. A, Dkt. 40, Ex. A.)

As an initial matter, the Court notes that the Secretary of State "assumed name" document now relied on by Carpentry was before District Judge Wright in connection with the Carpentry's Motion to Dismiss. (*See* Dkt. 40, Ex. A.) While the Secretary of State "assumed name" document for Quality Propane was not before District Judge Wright, she was aware that such documents existed for businesses operating under assumed names in this state. The Court therefore does not find Quality Propane and Carpentry's reliance on the Secretary of State "assumed name" documents persuasive.

Moreover, even if the Secretary of State documents were new evidence, the Court still finds this case distinguishable from *Sandoval*. In *Sandoval*, the plaintiffs originally sued one defendant, American Building Maintenance, Inc. a/k/a ABM Industries Incorporated, d/b/a ABM Janitorial Services ("ABMI"). *See* 2007 WL 9719137, at *1.

9

The plaintiffs asserted that ABMI was chosen because "ABM Janitorial Services," the entity that issued the plaintiffs' pay stubs, appeared to be "an assumed name of an assumed name of an assumed name of ABMI." *Id.* Before the statute of limitations expired, ABMI's counsel informed the plaintiffs that "ABM Kentucky" was the correct defendant. *Id.* at *2. An e-mail exchange between ABMI's counsel and the plaintiffs' counsel expressed plaintiffs' disbelief that ABM Kentucky was the plaintiffs' employer. *Id.* Counsel for ABMI reiterated to the plaintiffs that ABM Kentucky was the correct employer—again before the statute of limitations ran. *Id.* One month after the statute of limitations ran, the plaintiffs filed their first amended complaint adding AMB Kentucky as a party. *See Sandoval v. Am. Bldg Maint. Indus., Inc.*, No. 06 CV 1772 (RHK/JSM), 2007 WL 142174, *4 (D. Minn. Jan. 17, 2007). AMB Kentucky moved to dismiss. *See Sandoval*, 2007 WL 9719137, at *2. The court granted AMB Kentucky's motion to dismiss and found that plaintiffs failed to add ABM Kentucky within the expiration of the statute of limitations. *Id.* The plaintiffs then brought a motion to amend to add "ABM Janitorial" and argued that the amendment related back to the original complaint. *Id.* at *3. The court denied the plaintiffs' motion to amend because it found they had knowledge that ABM Janitorial could have been a potential defendant in the case before the statute of limitations expired. *Id.* at *4. Along the same lines, the court found that the plaintiffs made a conscious choice to name ABM Janitorial instead of ABM Kentucky. *Id.* at *6 ("[T]he real reason why plaintiffs appear to be seeking to add ABM Janitorial is not because they had belatedly found evidence that they had sued the right party, but by the wrong name, but rather because they had discovered information to suggest that ABM

Kentucky's corporate status in Minnesota had been revoked on January 31, 2006, and therefore, ABM Janitorial, as the parent of ABM Kentucky, may be liable for their claims.").

None of those factors are present in this case. There is no evidence that Cahoon knew that EDPO and BEP/Lyman were the correct parties until after the statute of limitations expired. In fact, Quality Propane and Carpentry did not notify Cahoon that they were not the proper parties until they filed their Answer to the First Amended Complaint, after the statute of limitations expired. (Dkt. 90 at 2-3.) Quality Propane argues that Cahoon must have known about EDPO because it served the Complaint on Quality Propane at 10 South Wacker Drive, Suite 3325, Chicago, Illinois 60606, which is EDPO's principal place of business. (Dkt. 90 at 3.) At the hearing, counsel for Cahoon explained that he believed Quality Propane was also associated with that address, which is why he served Quality Propane at that address. (Sept. 13, 2019, Mot. Hearing Rec. 2:21:07-2:21:34.) Quality Propane did not dispute that explanation and has not submitted any evidence indicating Cahoon knew that EDPO was the proper party (rather than simply knowing the 10 South Wacker Drive address). Further, Cahoon contends that Quality Propane and Carpentry continued to act under their assumed names (instead of EDPO and BEP/Lyman) in correspondence before expiration of the statute of limitations, which Quality Propane and Carpentry did not dispute. (Sept. 13, 2019, Mot. Hearing Rec. 2:08:09-2:08:38.)

As to the Secretary of State documents, *Sandoval* does not stand for the proposition that a plaintiff who <u>could have known</u> from documents on file with the

11

Secretary of State showing that a named defendant was an "assumed name" did not make a "mistake" within the meaning of Rule 15(c)(1). As noted above, Carpentry's "assumed name" document was before District Judge Wright when she found that the requirements of Rule 15(c)(1) were met. Even if that document was not before District Judge Wright, or assuming Carpentry and Quality Propane did not rely on that document when making arguments about relation back to District Judge Wright, the Court still declines to conclude Cahoon made a "conscious choice" instead of the mistake required by Rule 15(c)(1) based on the existence of those documents.

In sum, there is no evidence indicating Cahoon made a "conscious choice" not to sue the EDPO and BEP/Lyman instead of Quality Propane and Carpentry (nor have they proffered any reason why Cahoon would do so) before expiration of the statute of limitations. The Court finds that Cahoon has satisfied the requirements of Rule 15(c)(1) for relation back and finds that Cahoon's proposed amendment is not futile.

Quality Propane also argues that Cahoon's "continued failures to cure deficiencies and to comply with the Federal Rules of Civil Procedure" warrant denial of the Motion to Amend. (Dkt. 90 at 7-8.) In support of this argument, Quality Propane cites the fact that Cahoon filed her complaint 30 days before the statute of limitations expired, failed to properly name EDPO in the original complaint or the January 9, 2019 Amended Complaint notwithstanding the Secretary of State "assumed name" document, and filed her Second Amended Complaint on February 1, 2019 without leave of court. (*Id.* at 7-8.) The fact that Cahoon filed her original complaint shortly before the statute of limitations expired does not constitute undue delay or dilatory motive, and Quality

Propane has not identified which "amendments previously allowed" permitted Cahoon to cure her mistake in naming Quality Propane and Carpentry—particularly when neither entity informed Cahoon of the mistake until after Cahoon filed her January 9, 2019 First Amended Complaint and after the statute of limitations expired. *See Moses.com Sec.*, 406 F.3d at 1065. It appears that Quality Propane is arguing that leave to amend should be denied because the "assumed name" documents were available on the Secretary of State website before Cahoon filed this action. (*See* Dkt. 90 at 7-8.) Quality Propane cites no case where the failure to locate such documents resulted in denial of leave to amend, nor has Quality Propane identified any undue prejudice that would occur if leave is granted. Finally, the Court finds that Cahoon's filing of a second amended complaint on February 1, 2019 without leave of court, under these circumstances, does not constitute a failure to comply with the Federal Rules of Civil Procedure that would warrant denial of the motion. The Court therefore grants Cahoon's Motion to Amend.

## IV. ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT** Plaintiff Donna Cahoon's Motion for Leave to File Amended Complaint to Correct Misnomers (Dkt. 82) is **GRANTED**.

Date: October 1, 2019

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge